UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | CR 05-30026 |
| -vs- | OPINION AND ORDER |
| ROBERT MEDEARIS,<br>Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion (Doc. 25) to dismiss the indictment for claimed lack of jurisdiction. This was supported by the required memorandum of law (Doc. 26). The government filed its opposition (Doc. 28) to the motion. United States Magistrate Judge Moreno issued a report and recommendation (Doc. 29). The basis for the report and recommendation was that defendant's motion was filed 15 days after the August 9, 2005, motion filing deadline as previously set by the District Court in the May 19, 2005, Order Granting Continuance (Doc. 18). Thus, the magistrate would have no authority to vary the order of the district court. No objections have been filed and the time to do so has expired. Thus, the report and recommendation should be adopted and the defendant's motion denied.

All of the above is entirely immaterial, the defendant having then filed an amended motion to dismiss (Doc. 32) supported by the required memorandum of law (Doc. 33). Defendant contended that the motions deadline did not apply since the motion raised questions of jurisdiction which may be raised any time. The magistrate issued a report and recommendation (Doc. 38), again recommending that the amended motion be denied as untimely. No objections were filed and the time to do so has long since expired. Thus, the report and recommendation should be adopted and the defendant's amended motion should be denied.

I issued a memorandum (Doc. 39) on September 9, 2005, setting forth what I believe the law is. I incorporate by reference in this Order such memorandum. There would have been no

basis for the defendant to object to either report and recommendation. I intend to transfer this case to Judge Piersol to conduct the trial. Judge Piersol will listen to the evidence and rule as the evidence is presented. He can and will deal with any question as to whether the detention was in violation of the rights of the defendant.

I fully agree with the magistrate that questions of jurisdiction are not presented. There is no question that the court has subject matter jurisdiction and jurisdiction over the person of the defendant. The question is whether there was a seizure of defendant, i.e. an illegal arrest following which the evidence should be suppressed. Even assuming that the arrest or detention by the city police officer was illegal, the defendant would have no legal right to resist the tribal officer or to attempt to flee the scene. The defendant had no right to take the law into his own hands.

Defendant has also filed a motion in limine (Doc. 34) with a supporting memorandum of law (Doc. 35). He seeks to exclude evidence of previous convictions of the defendant for robbery, assault, and grand larceny, claiming that the convictions date back to "the 1960's or 1970's." These are rather imprecise allegations. This portion of the motion should be granted as to the government's case in chief. If the defendant testifies or presents character evidence subject to impeachment, the convictions may be admissible. Judge Piersol can deal with those matters after he hears the evidence. The motion in limine can be renewed before Judge Piersol. The motion in limine also seeks to exclude any evidence or testimony "regarding an ambulance and/or (sic) medical care provided to alleged victim, John Marshall." The motion is too broad and should be denied. If the alleged victim was in fact injured or appeared to be injured, such evidence would "tie into" the alleged assault. Again, Judge Piersol can and will rule on the evidence as it is presented.

Now, therefore,

IT IS ORDERED, as follows:

1) The report and recommendation (Doc. 29) is adopted.

2) The motion (Doc. 25) of the defendant is denied.

3) The report and recommendation (Doc. 38) is adopted.

4) The amended motion (Doc. 32) of the defendant is denied.

5) The motion in limine (Doc. 34) is granted in part and denied in part. It is granted as to previous convictions during the government's case in chief. Otherwise, as to such convictions, it is denied. The defendant may "open the door" to evidence about previous convictions. As to medical care provided to John Marshall, it is denied as entirely too broad.

6) Obviously, the trial judge, Judge Piersol, will rule on evidentiary matters as they arise during the course of the trial.

Dated this 23rd day of May, 2006.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY /s/ Barbara J. Groeppe
              DEPUTY
(SEAL)

3